# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LERWIN JOSE LINARES-VASQUEZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,<br>Respondent. | No. 2:26-cv-03453-SHL-tmp |

## ORDER GRANTING PETITION

On October 28, 2026, pro se Petitioner Lerwin Jose Linares-Vasquez filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention without an individualized bond hearing in the West Tennessee Detention Facility. He seeks immediate release from Respondent's custody. (Id. at PageID 11.) Respondent responded on November 4. (ECF No. 7.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 31.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

## BACKGROUND

Linares-Vasquez, a Venezuelan national, entered the U.S. in December of 2023, at or near Eagle Pass, Texas without having been admitted or paroled. (Id.; ECF No. 1-1 at PageID 10.) On October 3, 2026, Linares-Vasquez was arrested during a traffic stop while he was a passenger in a vehicle. (ECF No. 1-1 at PageID 10.) Respondent states that, during the traffic

stop, Petitioner was served with an arrest warrant based on probable cause that he was removable from the U.S.[1] (ECF No. 7 at PageID 31.) Petitioner seeks immediate release from Respondent's custody. (ECF No. 1 at PageID 11.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 7 at PageID 31.) Respondent maintains that "[t]he Court should require Petitioner to exhaust administrative remedies" before granting relief. (Id. at PageID 32.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court. (Id. at PageID 32–35.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to

---

[1] Respondent provides other information regarding the details of Petitioner's immigration status between his October 3 arrest and the present date, including an October 22, 2026 "in absentia final order of removal." (ECF No. 7 at PageID 32.) However, Respondent states that Petitioner's removal proceedings were re-opened on November 3, 2026. (Id.) Additionally, Respondent's only argument is that Petitioner should be required to exhaust his administrative remedies, so the details provided by Respondent do not change the analysis here.

immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 4th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE